UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES R. NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>OLUWATOBI M. OLA, et al.,<br><br>    Defendants. | Case No. 3:18-cv-00129<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

In this civil rights action, pro se Plaintiff James R. Nelson alleges that, when he was incarcerated at the Metro-Davidson County Detention Facility, Defendant (and then-corrections officer) Oluwatobi M. Ola maliciously pepper-sprayed him in the face at close range for no good reason. (Doc. No. 11.) Nelson brings claims under 42 U.S.C. § 1983 against Ola and CoreCivic, Inc., which runs the Detention Facility, for violating his Eighth Amendment right to be free from excessive force. (*Id.*) In an October 29, 2018 filing entitled "offensive collateral estoppel," Nelson informed the Court that Ola had pleaded guilty in General Sessions Court to the crime of assault for the events underlying his claims. (Doc. No. 25.) Nelson asks the Court to declare that Ola cannot "relitigate[ ] any arguments that deal with this case" and "make [a] decision" based on exhibits showing the disposition of Ola's prosecution. (*Id.* at PageID# 87.) Ola and CoreCivic responded in opposition to Nelson's filing. (Doc. No. 26.)

On February 11, 2019, Ola and CoreCivic filed a motion for summary judgment. (Doc. No. 29–33.) Nelson has not responded to that motion, despite the Magistrate Judge's order that Nelson

show cause by March 25, 2019, why the Magistrate Judge should not recommend that this action be dismissed. (Doc. No. 34.) For the following reasons, the Magistrate Judge will RECOMMEND that Nelson's request for offensive collateral estoppel (Doc. No. 25) be DENIED; that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and that Ola and CoreCivic's motion for summary judgment (Doc. No. 29) be FOUND MOOT.

**I.      Factual and Procedural Background**

On February 9, 2018, Nelson filed this action against Ola and an application to proceed *in forma pauperis*. (Doc. No. 1, 2.) After screening Nelson's complaint under 28 U.S.C. § 1915(e)(2), the Court allowed Nelson's excessive force claim against Ola to proceed. (Doc. No. 4.) Shortly thereafter, Nelson filed a motion to amend his complaint to add CoreCivic as a defendant, which the Court granted. (Doc. Nos. 6, 8.) In his amended complaint, Nelson alleges that, at about 1:00 a.m. on July 20, 2017, Ola attacked Nelson with "OC spray," claiming that Nelson had scabies. (Doc. No. 11.) Ola then ordered Nelson to go to the sally port and Nelson complied. (*Id.*) Once there, Nelson asked to see Ola's supervisor. (*Id.*) Nelson was standing calmly with his arms crossed a few feet away from Ola when Ola tried, but failed, to spray Nelson again. (*Id.*) Ola then announced on his two-way radio that Nelson was "irate" and proceeded to spray Nelson in the face for several seconds. (*Id.*) Nelson alleges that he has experienced nerve problems since the assault and seeks damages from Ola and CoreCivic. (*Id.*)

Nelson filed his request for offensive collateral estoppel on October 29, 2018. (Doc. No. 25.) Attached to the filing are (1) Ola's guilty plea in General Sessions Court to the crime of assault (*id.* at PageID# 88); (2) an incident investigation report from the Metro-Davidson County Detention Facility finding that Ola's use of force against Nelson was unreasonable and unnecessary (*id.* at PageID# 89–90); and (3) a use of force summary and review from the facility

2

reaching the same conclusion (*id.* at PageID# 91–93). Nelson asks the Court to decide his claims based on those exhibits and argues that Ola "cannot relitigate[ ] any arguments that deal with this case." (*Id.* at PageID# 87.) Ola and CoreCivic responded in opposition to Nelson's filing, arguing that (1) Nelson failed to file a proper motion and supporting memorandum and therefore his request for offensive collateral estoppel must be denied and (2) his request fails on the merits. (Doc. No. 26.) Nelson did not file a reply.

The defendants filed a motion for summary judgment and supporting materials on February 11, 2019. (Doc. No. 29–33.) They argue that Nelson cannot establish an excessive force claim because he suffered only a de minimis injury as a result of the incident and that Nelson's claim against CoreCivic also fails because he has not established that CoreCivic has a policy or custom of allowing excessive force against inmates. (Doc. No. 30.) Nelson did not respond to the defendants' motion, and the Magistrate Judge ordered him to show cause by March 25, 2019, why she should not recommend dismissal of this action for the reasons stated in that motion or for his failure to prosecute his claims. (Doc. No. 34.) The order warned Nelson that his failure to respond would likely lead to a recommendation that this action be dismissed. (*Id.*) Nelson has not responded to the Court's order.

**II.     Analysis**

   **A.     Offensive Collateral Estoppel**

Nelson has not properly raised his request for offensive collateral estoppel. To the extent that Nelson's filing seeks an order from this Court, it should have been made in the form of a motion supported by a separately filed memorandum of law. Fed. R. Civ. P. 7(b)(1) (providing that "[a] request for a court order must be made by motion"); M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum) (stating that "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law . . ."). Moreover,

3

given that Nelson appears to seek a decision on the merits of his claims based on the exhibits he attached to his request, the appropriate motion would have been one for summary judgment under Federal Rule of Civil Procedure 56, which requires the movant to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Even if the Court were to overlook these procedural deficiencies, however, Nelson has failed to meet his burden of demonstrating that he is entitled to offensive collateral estoppel. *See Lillard v. City of Murfreeboro*, No. 3:07-1036, 2009 WL 2047048, at *9 (M.D. Tenn. July 10, 2009) ("The party invoking the doctrine of collateral estoppel has the burden of proof."). "[T]he preclusive effect of a guilty plea in a subsequent Section 1983 action is determined by state law." *Spurlock v. Whitley*, 971 F. Supp. 1166, 1176 (M.D. Tenn. 1997) (citing *Haring v. Prosise*, 462 U.S. 306, 313 (1983)); *see also Diamond v. Howd*, 288 F.3d 932, 936 (6th Cir. 2002) (citing *Haring* for the proposition that a "federal court must apply state law of collateral estoppel"). In Tennessee, a guilty plea "is generally not conclusive on the issues in a subsequent civil action." *Grange Mut. Casualty Co. v. Walker*, 652 S.W.2d 908, 910 (Tenn. Ct. App.1983) (collecting cases); *see also Gibson v. Trant*, 58 S.W.3d 103, 114 n.3 (Tenn. 2001) (explaining that Tennessee courts are especially hesitant to give a guilty plea preclusive effect in the context of offensive collateral estoppel, which is where "the plaintiff attempts to prevent the defendant from relitigating an issue"). To be entitled to collateral estoppel, Nelson must demonstrate:

> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Mullins v. State*, 294 S.W.3d 529, 535 (Tenn. 2009)

Nelson's request for estoppel fails at the first element because he has not shown that any of the issues in this action are identical to those in Ola's prosecution for assault. To hold Ola liable for excessive force, Nelson has to demonstrate that, subjectively, Ola used force not "'in a good-faith effort to maintain or restore discipline,'" but "'maliciously and sadistically to cause harm.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). He must also show that, objectively, the pain Ola inflicted was "'sufficiently serious'" to establish an Eighth Amendment violation. *Id.* (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). To prevail on his claim against CoreCivic for any violation of his constitutional rights, Nelson must establish that CoreCivic's "official policies or customs'" caused his injury. *Vick v. Core Civic*, 329 F. Supp. 3d 426, 445 (M.D. Tenn. 2018) (quoting *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014)).

The elements of the crime of assault under Tennessee law are "(1) Intentionally, knowingly or recklessly caus[ing] bodily injury to another; (2) Intentionally or knowingly caus[ing] another to reasonably fear imminent bodily injury; or (3) Intentionally or knowingly caus[ing] physical contact with another [that] a reasonable person would regard . . . as extremely offensive or provocative." Tenn. Code Ann. § 39-13-101(a). While an assault may rise to the level of an Eighth Amendment violation if it is committed with the requisite intent and results in a sufficiently serious injury, that it would do so is not established by these elements alone. Nor do these elements speak to any official custom or policy that CoreCivic might have in place that caused his harm. The fact

5

of Ola's conviction alone, therefore, is not sufficient to support Nelson's request that the Court impose offensive collateral estoppel based on the state-court criminal judgment.[1]

B. **Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Four factors guide the Court's determination of whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic

---

[11] While the internal investigation report includes more detail of the events in question, that report is not a "quasi-judicial decision[ ]" that could invoke collateral estoppel. *Morris v. Esmark Apparel, Inc.*, 832 S.W.2d 563, 566 (Tenn. Ct. App. 1991); *see also Sullivan v. Wilson Cty.*, No. M2011-00217-COA-R3-CV, 2012 WL 1868292, at *10 (Tenn. Ct. App. May 22, 2012) (explaining that the determination of an administrative agency is entitled to preclusive effect only if the agency was "'acting in a judicial capacity and resolve[d] disputed issues of fact properly before it which the parties . . . had an adequate opportunity to litigate'") (quoting *Morris*, 832 S.W.2d at 566).

sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

Nelson ignored this Court's show-cause order, delaying this action and preventing its advancement. Nelson's claims should therefore be dismissed without prejudice.

### 1. Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Nelson's failure to respond to the Court's show cause does not appear to have been in bad faith, but that failure still reflects "willfulness and fault." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding that plaintiff was at fault for

7

failing to respond to court's show-cause orders). Nelson was actively involved in this action from February 9, 2018, through December 21, 2018, showing that he can prosecute his claims when he wants to. (Doc. Nos. 1, 2, 6, 11, 25, 28.) This factor supports dismissal.

### 2. Prejudice

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Ola and CoreCivic expended time and resources drafting their motion for summary judgment. This factor supports dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Nelson that failure to respond to the show-cause order would likely lead to a recommendation that his action be dismissed. (Doc. No. 34.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is the appropriate result here. That is so even though Ola and CoreCivic have filed a motion for summary judgment. *See Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-CV-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot); *see also Reese v. Maricopa Cty. Sheriff's Office*, No. CV-17-01093, 2018 WL 2009062, at *2 (D. Ariz. Apr. 30, 2018) (dismissing pro se plaintiff's lawsuit without prejudice for failure to prosecute even though plaintiff had failed to respond to defendants' motion for summary judgment and finding dismissal with prejudice "unnecessarily harsh"). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5. That sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

### III. Recommendation

For the above reasons, the Magistrate Judge RECOMMENDS that Nelson's request for offensive collateral estoppel (Doc. No. 25) be DENIED; this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) due to Nelson's failure to prosecute; and Ola and CoreCivic's motion for summary judgment (Doc. No. 29) be FOUND MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party

who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of April, 2019.

ALISTAIR E. NEWBERN
United States Magistrate Judge